UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 2023-cv-23180-Bloom

K&M HANDLING, LLC.,

    Plaintiff,

vs.

SEABOARD MARINA LTD. INC.

    Defendant.

_____

## **DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant SEABOARD MARINE LTD INC. (Misidentified in the Complaint as "SEABOARD MARINA LTD INC."), by and through undersigned counsel hereby moves this Court for Judgment on the Pleadings for lack of subject matter jurisdiction under Fed. R. Civ. Proc. 12(b)(1) and 12(c) and in support of its Motion, states as follows:

### **THE ALLEGATIONS OF THE COMPLAINT DO NOT ESTABLISH STANDING OF THE PLAINTIFF TO MAINTAIN THIS LAWSUIT**

As demonstrated by the allegations of the Complaint and exhibits 1 and 3 attached thereto, the Plaintiff is not the owner of the cargo alleged to be damaged nor is it a party to the bill of lading contracts which are the basis for the claims asserted. As the Plaintiff is not a party to the contracts sued upon and is not the owner of the cargo in question, it lacks standing to maintain this proceeding against the Defendant SEABOARD MARINE for which reason the Complaint should be dismissed.

1. Plaintiff K & M HANDLING is not a party to the bill of lading contracts attached to the Complaint as exhibits 1 and 3.  See paragraph 6 and exhibits 1 and 3 to the Complaint.

2. Plaintiff K & M HANDLING was the freight forwarding agent of bill of lading consignee Orange Flowers Connect, Inc.  See paragraph 6 of the Complaint and exhibits 1 and 3 thereto.

3. Count I COGSA and Count II Breach of Contact are based on bills of lading to which the Plaintiff is not a party.  See, paragraph 6 and exhibits 1 and 3 to the Complaint.

4. The Complaint does not allege a basis for the Plaintiff to have any rights under the Bills of Lading.

5. Paragraph 16 of the Complaint alleges that Orange Flowers executed a transfer of rights authorizing Plaintiff to collect for the loss of the flowers on behalf of Orange Flowers.

6. The Complaint does not allege that Orange Flowers transferred title or ownership of the cargo described in the bill of lading or that the bill of lading has been transferred to the Plaintiff.

7. Paragraph 23 of the Complaint alleges that Defendant breached its duty to Plaintiff under C.O.G.S.A. by failing to deliver the cargo in good condition, however as the Plaintiff was not a party to the bills of lading and is not alleged to be the owner of the cargo in question, a basis for a duty owed by Seaboard to the Plaintiff has not been established as a matter of law.

8. In paragraph 24 Plaintiff alleges that it.suffered damages in excess of $43,638.80 however as the Plaintiff admittedly is not a party to the bills of lading and is not the owner of the cargo, and as paragraph 16 expressly alleges that the Plaintiff has been

authorized to collect on behalf of Orange Flowers (not for itself), a factual foundation for damages is not established and is otherwise contradicted.

9. Paragraph 26 of the Complaint, which alleges that.Plaintiff and Defendant entered into two contracts for the shipment of the two cargos of flowers pursuant to the bills of lading, is contradicted by paragraph 6 of the Complaint, which alleges that Orange Flowers contracted with the Defendant and the Plaintiff was Orange Flowers freight forwarding agent.  Paragraph 26 is otherwise refuted by the bills of lading attached to the Complaint as exhibit 1 and 3, which do not identify the Plaintiff as shipper, consignee or otherwise. The bills of lading refer to K & M Handling Colombia SAS as freight forwarder, Plaintiff K & M Handling LLC is not identified in the bills of lading.

10. Paragraph 32 contains the conclusory and unsupported allegation that "as bailee, Defendant owed a duty to Plaintiff to carry the cargo and to deliver said cargo in the same good order and condition as received" however the Complaint contains no allegations identifying the Plaintiff as the bailor or owner of the cargo, which it admittedly it was not. Accordingly, a factual foundation for this conclusory allegation is not present and paragraph 32 is otherwise contradicted by the exhibits attached to the Complaint.

11. As the Complaint fails to plead the Plaintiff's interest in the subject cargo or the bills of lading sufficient to establish standing to maintain the claims asserted, the Complaint should be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(1).

## **MEMORANDUM OF LAW**

After the pleadings are closed, a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). In rendering judgment, a court may consider the substance of the pleadings and any

judicially noticed facts. Termilus v. Marksman Sec. Corp., 2016 U.S. Dist. LEXIS 20356 (S.D. Fla. Feb. 19, 2016) (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)).  A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss. Guarino v. Wyeth LLC, 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011). As such, a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

Exhibits are among the factual allegations to be considered on 12(b)(6) motion to dismiss, and when the exhibits contradict the allegations of the pleading, the exhibits govern.  See, Horsley v. Feldt, 304 F.3d 1125, 1134–1135 (11th Cir. 2002); Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1205–06 (11th Cir. 2007). Regardless of a plaintiff's allegations, "the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action. Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

The party asserting federal jurisdiction bears the burden to establish the elements of standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  A party has standing to sue if it has a personal stake in the outcome. Guirola-Beeche v. U.S. Dep't of Justice, 662 F. Supp. 1414, 1416 (S.D. Fla. 1987) (citing Baker v. Carr, 369 U.S. 186 (1962)). As such, "a plaintiff

4

must assert her own rights and interests and may not rely on the rights and interests of others." Johnson v. Ocwen Loan Servicing, No. 09-13906, 2010 U.S. App. LEXIS 5339, at *8-9 (11th Cir. Mar. 15, 2010) (unpublished).

"It is plaintiff's responsibility to allege facts sufficient to establish [its] standing, and the Court cannot 'speculate concerning the existence of standing, nor should we imagine or piece together an injury sufficient to give plaintiff standing when it has demonstrated none.'" Clark v. Hernandez, No. 2:06-cv-639-FtM-29DNF, 2008 U.S. Dist. LEXIS 9785, at *4 (M.D. Fla. Feb. 11, 2008) (citing Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n, 226 F.3d 1226, 1229-30 (11th Cir. 2000)); see also Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt., LLC, 479 F. Supp. 2d 349, 373 (S.D.N.Y. 2007) ("Plaintiff must plead facts that, if true, would establish standing") (emphasis added)2 . To sue for breach of contract, a plaintiff must, for example, allege that it is either a party to or a third-party beneficiary of the contract. Schachter v. Japan Indep. Commc'ns Corp., No. 91 B 14932 CB, 1995 U.S. Dist. LEXIS 16969, at *5 (S.D.N.Y. Nov. 10, 1995) (emphasis added).  Here, the Plaintiff has alleged neither.

Plaintiff has not alleged or otherwise demonstrated that it has any rights derived from the bills of lading which are the basis of the claims seeking to recover damages. To the contrary, as demonstrated by paragraph 6 and exhibits 1 and 3 to the Complaint, the Plaintiff admittedly is not a party to the bills of lading. Nor can the Plaintiff rely on paragraph 16 of the Complaint in which Plaintiff alleges a "transfer of rights authorizing Plaintiff to collect on behalf of Orange Flower". The Complaint does not seek recovery of damages on behalf of Orange Flower.  The Complaint contains no allegation of a transfer of title or ownership of the bills of lading or the cargo described therein which would provide a basis for the Plaintiff to recover damages for its own behalf, which is the relief requested in the Complaint .

5

An allegation that Plaintiff is authorized to collect on behalf of a third party does not create a right for it to recover for the alleged loss in the Plaintiff's own name. See <u>Vt. Agency of Natural Res. v. United States ex rel. Stevens</u>, 529 U.S. 765, 772 (2000) ("An interest unrelated to injury in fact is insufficient to give a plaintiff standing"). As such, Plaintiff has not alleged that it has a sufficient interest in the cargo or bill of lading, and thus lacks standing to assert its breach of contract claim against the Defendant.

Plaintiff has the burden to clearly establish standing based on the complaint's allegations, and this Court should not attempt to "piece together an injury" to give Plaintiff standing when it has failed to plead sufficient facts on its own. Plaintiff has failed to carry its burden to establish standing. The Complaint should accordingly be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this _28th__ day of _December_, 2023 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following: **Ryan Clancy, Esq.** ryan@business-esq.com info@business-esq.com AINSWORTH & CLANCY, PLLC. 801 Brickell Avenue, 8th Floor, Miami, FL 33131, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

BLANCK & COOPER, P.A.
5730 S.W. 74th Street, Suite #700
Miami, Florida 33143
Phone: (305) 663-0177
Facsimile: (305) 663-0146

BY: _____
Jonathan Cooper, Esquire
Florida Bar Number: 99376
Email: jcooper@shiplawusa.com
Atty for: SEABOARD MARINE LTD INC.

8180/MotionForJudgmentOnPleadings

6