**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 23-cv-23180-BLOOM/Torres**

K&M HANDLING, LLC,

      Plaintiff,

v.

SEABOARD MARINA, LTD., INC.,

      Defendant.

_____/

**ORDER DENYING DEFENDANT'S**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

**THIS CAUSE** is before the Court upon the Defendant's Motion for Judgment on the Pleadings ("Motion"), ECF No. [16], filed on December 28, 2023. Plaintiff filed a Response, ECF No. [17], to which Defendant filed a Reply, ECF No. [18]. The Court has reviewed the Motion, the record in the case, the applicable law, and is otherwise fully advised.  The Motion is denied.

**I.     BACKGROUND**

Plaintiff K&M Handling, LLC is the forwarding agent of two separate shipments of flowers from Colombia to Miami. Defendant Seaboard Marine, Ltd. Inc. was contracted by non-party Orange Flowers Connect Inc. ("Orange Flowers") to deliver those shipments. Plaintiff requested that Defendant stow both cargo in a refrigerated container set at a certain temperature and a "Datalogger" be placed in the boxes to keep track of the temperature throughout the shipping process. Plaintiff alleges that Defendant failed to stow the flowers in a refrigerated container during transport, rendering the flowers unusable. Plaintiff brings two claims against Defendant: Count I for Violation of the Carriage of Goods by Sea Act (COGSA), 46 U.S.C.

30701, *et seq.*; and Count II for Breach of Contract.

Plaintiff alleges that "Orange Flowers executed a transfer of rights authorizing Plaintiff to collect on their behalf for the loss of the flowers." ECF No. [1] at ¶ 16. To demonstrate the transfer, it attaches a Transfer of Rights document, signed by Orange Flowers' Operations Manager and dated September 9, 2022. ECF No. [1-14]. The Transfer of Rights states that Orange Flowers "authorize[s] K&M Handling LLC to collect on our behalf recovery against liable third parties for the loss or damage sustained by the above goods and assigns all our rights in connection with the aforesaid loss or damage." *Id.* at 2. The Transfer of Rights describes the goods as "fresh cut flowers" and includes the numbers of the bills of lading for both shipments. *Id.*[1] Plaintiff also attaches electronic Bills of Lading between Orange Flowers and Seaboard Marine, Ltd., for both flower shipments. ECF Nos. [1-3], [1-5]. The Bills of Lading indicate that Plaintiff was the forwarding agent for both shipments. ECF Nos. [1-3] at 2, [1-5] at 2.

Defendant moves for a judgment on the pleadings under Fed. R. Civ. Proc. 12(c), contending that Plaintiff lacks standing as it lacks interest in the subject cargo or the Bills of Lading.

## II.   LEGAL STANDARD

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A judgment on the pleadings pursuant to Rule 12(c) is appropriate when "no issues of material fact exist, and the movant is entitled to judgment as a matter of law[,]" *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996), or when "the complaint lacks sufficient factual matter to state a facially plausible claim for relief that allows the court to draw a reasonable inference that the defendant is liable for the

---

[1] The Bills of Lading numbers are SMLU 7294078A, ECF No. [1-3] at 2, and SMLU 7294078A002, ECF No. [1-5] at 2.

alleged misconduct." *Jiles v. United Parcel Serv., Inc.*, 413 Fed.Appx. 173, 174 (11th Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

A judgment on the pleadings is limited to consideration of "the substance of the pleadings and any judicially noticed facts." *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998). In evaluating a motion for judgment on the pleadings, the Court must "accept the facts alleged in the complaint as true and draw all inferences that favor the nonmovant." *Id.* However, the court need not credit a nonmoving party's legal contentions. *See Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*, 341 F.3d 1292, 1304 n.12 (11th Cir. 2003) (citing *Honduras Aircraft Registry, Ltd. v. Government of Honduras*, 129 F.3d 543, 545 (11th Cir. 1997)). If it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint. As with a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## III.   DISCUSSION

### A. Validity of Assignment

The Court first turns to the question of whether Plaintiff is the real party in interest in this action, which hinges on whether Orange Flowers' Transfer of Rights to Plaintiff is valid. In its Motion for Judgment on the Pleadings, Defendant argues that Plaintiff is not a party to the Bills of Lading and cannot bring this action. Plaintiff responds that the Bills of Lading contain Plaintiff's name as forwarding agent and Plaintiff has a valid Transfer of Rights from Orange Flowers, all of which are attached to the Complaint.[2] Defendant replies that the assignment is invalid as it only assigns the rights in connection with the loss or damage to the flowers to Plaintiff, and not title to the flowers or the Bills of Lading themselves.

---

[2] Plaintiff does not contend that it is a party to the Bills of Lading.

Rule 17(a) requires that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). "As used in Rule 17(a), the real-party-in-interest principle is a means to identify the person who possesses the right sought to be enforced." 6A Fed. Prac. & Proc. Civ. § 1542 (3d ed. 2023) "[I]f the person has assigned all interest in the claim before the action is instituted, the person no longer is the real party in interest." *Id.* "Under present law an assignment passes the title to the assignee so that the assignee is the owner of any claim arising from the chose and should be treated as the real party in interest under Rule 17(a)." *Id.* at § 1545.[3] Accordingly, "[t]he validity of an assignment is important for the purpose of determining 'whether an action should be dismissed.'" *Univ. Creek Assocs., II, Ltd. v. Bos. Am. Fin. Grp., Inc.*, 100 F. Supp. 2d 1337, 1339 (S.D. Fla. 1998) (quoting 6A Fed. Prac. & Proc. Civ. at § 1545 (2d ed. 1990)). "In construing assignments, the court must determine (1) exactly what has been assigned to make certain that the plaintiff-assignee is the real party in interest, and (2) that a valid assignment has been made." *Id.* (quoting the same).

To determine whether the Defendant has established it is entitled to judgment on the pleadings, the Court looks to "the substance of the pleadings and any judicially noticed facts." *Bankers Ins.*, 137 F.3d at 1295. Here, the Transfer of Rights document attached to Plaintiff's Complaint, ECF No. [1-14], establishes "exactly what has been assigned" to Plaintiff. *Univ. Creek*, 100 F. Supp. 2d at 1339. The Transfer of Rights states that Orange Flowers "authorize[d] K&M Handling LLC to collect on our behalf recovery against liable third parties for the loss or damage sustained by the above goods …" ECF No. [1-14] at 2. Furthermore, it "assigns all [of Orange Flowers'] rights in connection with the aforesaid loss or damage." *Id*. Since Orange Flowers has assigned its "rights in connection" with the loss or damage to the two flower

---

[3] Black's Law Dictionary defines a "chose" as "[a] thing, whether tangible or intangible; a personal article; a chattel." Chose, Black's Law Dictionary (11th ed. 2019).

shipments, it assigned to Plaintiff the relevant rights in the Bills of Lading regarding the flower shipments. ECF No. [1-16]. The Bills of Lading, ECF No. [1-16], detail the rights and liabilities of Defendant and Orange Flowers. *See also* Bills of Lading, ECF Nos [1-3], [1-5]. Pursuant to the assignment, Plaintiff is the real party in interest for the loss or damage of the flower shipments at issue in this case.[4]

Defendant does not establish why Orange Flowers' assignment via the Transfer of Rights to Plaintiff is invalid because it does not include the title to the flowers or the Bills of Lading. Defendant fails to cite any authority establishing that an assignment for the collection of recovery on claims, and rights connected to this recovery, is invalid.[5] In general, "contracts are assignable unless forbidden by the terms of the contract, or unless the assignment would violate some rules of public policy or statute, or unless the terms of the contract are such as to show reliance on the personal credit of the purchaser." *Univ. Creek*, 100 F. Supp. at 1339 (quoting *Kitsos v. Stanford*, 291 So.2d 632, 634 (Fla. 3rd DCA 1974)). "It is well-established that an assignment transfers to the assignee all the interests and rights of the assignor in and to the thing assigned." *Laws. Title Ins. Co. v. Novastar Mortg., Inc.*, 862 So. 2d 793, 798 (Fla. Dist. Ct. App. 2003). The "thing assigned" here is "recovery against liable third parties for the loss or damage sustained by the above goods [the two flower shipments] and assigns all our rights in connection with the aforesaid loss or damage." ECF No. [1-14] at 2.

---

[4] A bill of lading is "the basic transportation contract between the shipper-consignor and the carrier; its terms and conditions bind the shipper and all connecting carriers." *Southern Pac. Transp. Co. v. Commercial Metals Co.*, 456 U.S. 336, 342 (1982). While the Bills of Lading include Plaintiff's name as the forwarding agent for the flower shipments at issue, ECF Nos. [1-3] at 2, [1-5] at 2, Plaintiff does not argue that it is a party to the Bills of Lading. ECF No. [17] at 2-4.

[5] Neither Defendant nor Plaintiff establishes which law would apply here. COGSA applies to the transfer under the terms of the Bills of Lading, ECF No. [1-16] at ¶ 4(a), but COGSA does not cover whether causes of action that arise under it are assignable. *See* 46 U.S. Code § 307. By way of example, the Court notes that "[u]nder Florida law, parties can assign causes of action derived from a contract or a statute." *Forgione v. Dennis Pirtle Agency, Inc.*, 701 So. 2d 557, 559 (Fla. 1997), *abrogated on other grounds by Cowan Liebowitz & Latman, P.C. v. Kaplan*, 902 So. 2d 755, 757 (Fla. 2005). In contrast, "purely personal tort claims cannot be assigned under Florida law." *Id.*

Plaintiff alleged that it was assigned Orange Flowers' rights pertaining to recovery for the shipments at issue. ECF No. [1]. It attached to the Complaint the Bills of Lading at issue, ECF Nos. [1-3], [1-5], and the Transfer of Rights Document, ECF No. [1-14]. Reviewing the facts in the light most favorable to Plaintiff, there is no basis to find Orange Flowers' assignment of its interest in the action to Plaintiff invalid. *Cannon*, 250 F.3d at 1301. Defendant is not entitled to judgment as a matter of law.

## B. Standing

The Court turns to the question of whether Plaintiff has standing to bring this action, as "plaintiff must both be the real party in interest and have standing." 6A Fed. Prac. & Proc. Civ. § 1542. Defendant argues that Plaintiff has no standing as it has suffered no injury in fact here, since it was not assigned title to the flowers and Bills of Lading. It argues the Court lacks subject matter jurisdiction under Fed. R. Civ. Proc. 12(b)(1). Plaintiff responds that it has a valid assignment and therefore standing to bring this action.

One element of the case-or-controversy requirement under Article III of the United States Constitution is that plaintiffs "must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). Standing is a threshold question establishing "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Sims v. Fla. Dep't of Highway Safety & Motor Vehicles*, 862 F.2d 1449, 1458 (11th Cir. 1989) (en banc).[6] To establish standing, a plaintiff must allege that: (1) it "suffered an injury in fact that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical;" (2) "the injury is fairly traceable to conduct of the defendant;" and (3) "it is likely, not just merely speculative, that

---

[6] "Standing is similar to the real party in interest rule inasmuch as both terms are used to designate a plaintiff who possesses a sufficient interest in the action to entitle him to be heard on the merits." *Univ. Creek*, 100 F. Supp. 2d at 1339 (citation omitted). However, unlike the real party in interest determination, standing relates to the subject matter jurisdiction of federal courts. 6A Fed. Prac. & Proc. Civ. § 1542.

the injury will be redressed by a favorable decision." *Kelly v. Harris*, 331 F.3d 817, 819-20 (11th Cir. 2003). Defendant alleges only that Plaintiff has suffered no injury in fact.

Defendant cites no law that an assignee cannot establish injury in fact under Article III. The Supreme Court has made clear that "an assignee of a legal claim for money owed has standing to pursue that claim in federal court, even when the assignee has promised to remit the proceeds of the litigation to the assignor." *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc*., 554 U.S. 269, 271 (2008). This Court has authorized an assignee to sue for breach of contract and any cause of action in tort arising from the contracts, noting that "[a]n assignment is a transfer of all the interests and rights to the thing assigned." *Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC*, 650 F. Supp. 2d 1213, 1227 (S.D. Fla. 2009) (citation omitted). The Transfer of Rights states that Orange Flowers "authorize[d] K&M Handling LLC to collect on [their] behalf recovery against liable third parties for the loss or damage sustained by the above goods and assigns all our rights in connection with the aforesaid loss or damage." ECF No. [1-14] at 2. Plaintiff has established it has standing.

Moreover, the pleadings evidence that Plaintiff suffered at least a monetary harm, which is sufficient to make out a concrete injury in fact. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021) (stating that monetary harms are "traditional tangible harms" that "readily qualify as concrete injuries under Article III"). Plaintiff paid Miami-Dade County Solid Waste Management for the disposal of the damaged flowers, as demonstrated by the check it attached to its Complaint. ECF No. [1-13] at 2. Plaintiff paid the damage survey report for the flower shipments, as demonstrated by the invoice attached to the Complaint. ECF No. [1-9] at 2. Finally, Plaintiff was the forwarding agent in the shipments at issue, for which Orange Flowers paid $23,608.69 and $6,689.98, respectively. *See* ECF Nos. [1-4], [1-6]. Orange Flowers assigned the claims for this monetary loss to Plaintiff. ECF No. [1-14].

Case No. 23-cv-23180-BLOOM/Torres

Accordingly, taking the allegations in the Complaint as true and considering the exhibits attached to it, Plaintiff has alleged an injury-in-fact and has standing to sue under Article III.

**IV.   CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Judgment on the Pleadings, **ECF No. [16]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida on March 7, 2024.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record